Inbar Group, Inc. v St. Mark's World, Inc. (2020 NY Slip Op 06879)





Inbar Group, Inc. v St. Mark's World, Inc.


2020 NY Slip Op 06879


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 653565/16 Appeal No. 12438 Case No. 2020-00525 

[*1]Inbar Group, Inc., Plaintiff-Respondent-Appellant,
v
St. Mark's World, Inc., et al., Defendants-Respondents, Michael Morgan, Defendant-Appellant-Respondent.


Soffey & Soffey LLC, Garden City (Joseph E. Soffey of counsel), for appellant-respondent.
Dunn Lambert, LLC, New York (Harlan L. Cohen of counsel), for respondent-appellant.
Griffin Hamersky LLP, New York (Michael D. Hamersky of counsel), for respondents.


Order, Supreme Court, New York County (David B. Cohen, J.), entered December 12, 2019, which, inter alia, granted plaintiff partial summary judgment as to defendant Michael Morgan, and denied the branches of plaintiff's motion seeking partial summary judgment against defendant St. Mark's World, Inc. and summary judgment as to damages, unanimously modified, on the law, to deny partial summary judgment as to Morgan, and otherwise affirmed, without [*2]costs.
As Morgan signed the parties' original agreement in his corporate capacity on behalf of St. Mark's World, Inc., he would ordinarily not be personally liable under that agreement (Diaz v Siegel, 23 AD3d 251, 252 [1st Dept 2005]). However, Morgan's signature without reference to his corporate capacity in the "extension" of the original agreement, and other surrounding circumstances, create a fact issue as to the capacity in which he signed each agreement.
Given that there is a fact issue as to the capacity in which Morgan signed the agreements, there is also a fact issue as to whether the corporate defendant is liable under the agreements.
Finally, because there are issues of fact about the amounts paid and owing to Morgan that might be subject to commission, as well as fact issues at to liability, summary judgment as to damages was properly denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020